**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| TROY VERM, individually and on behalf of all others similarly situated, | **Case No.: 6:20-cv-00249** <br> Collective Action (29 U.S.C. § 216(b)) |
| v. | |
| D&G DIRECTIONAL DRILLING, INC. | |

**COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. This lawsuit seeks to recover overtime compensation for Troy Verm and his similarly situated co-workers – labor hands and other similarly situated laborers (collectively "Non-Exempt Laborers") – who work or have worked for D&G Directional Drilling, Inc. (hereinafter, "Defendant" or "D&G"), throughout the United States.

2. According to their website, D&G "has been performing horizontal directional drilling for over 30 years."[1]

3. D&G provides oil and gas companies such as Kinder Morgan, Sempra Energy, and Price Gregory with Non-Exempt Laborers to assist in drilling and pipeline construction needs throughout the United States.[2]

4. D&G pays its Non-Exempt Laborers partly on an hourly basis, and then also pays them additional wages for that week's work on the same or separate paycheck.  These additional wages are subject to applicable payroll taxes and are included in Non-Exempt Laborers' year end wage amounts on the pay stubs.

---

[1] *About Us,* available at https://dgdirectional.com/about-us-1 (last visited April 27, 2020).

[2] *Id.*

5. Despite being non-exempt employees, D&G has failed to properly pay Non-Exempt Laborers overtime compensation at 1.5 times their regular rate of pay.  Specifically, D&G did not factor in *all* compensation it paid Non-Exempt Laborers when calculating the regular rate of pay for purposes of calculating and paying overtime. As a result, D&G has significantly underpaid Non-Exempt Laborers for overtime hours worked.

6. Verm brings this action on behalf of himself and all other similarly situated Non-Exempt Laborers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

### JURISDICTION AND VENUE

7. This Court has original jurisdiction under 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331(a), 1332(a), and/or pursuant to 28 U.S.C. § 1367.

8. The proposed collective action includes a total number of plaintiffs in excess of 100.

9. Venue is proper in the Tyler Division of the Eastern District of Texas because D&G resides in this District and performs substantial business in this District

### THE PARTIES

10. Verm is an adult individual who is a current resident of the State of Texas.

11. Verm was employed by D&G as a labor hand from approximately January 6, 2020 through March 13, 2020.

12. At all relevant times, Verm was an "employee" of D&G as defined by the FLSA.

13. At all relevant times, D&G was Verm's "employer" as defined in the FLSA.

14. A written consent form for Verm is being filed with this Collective Action Complaint.

15. D&G Directional Drilling, Inc. is a domestic for-profit corporation organized and existing under the laws of Texas.

16. D&G Directional Drilling, Inc.'s principal executive office and corporate headquarters

are located at 4581 N FM 2869, Winnsboro, Texas 75494.

17. At all relevant times, D&G Directional Drilling, Inc.'s has maintained control, oversight, and direction over Verm and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

18. D&G Directional Drilling, Inc.'s applies the same employment policies, practices, and procedures to all Non-Exempt Laborers Workers at their locations throughout the United States.

19. At all times relevant, D&G Directional Drilling, Inc.'s has had an annual gross volume of sales in excess of $500,000.00 and had employees that handled, worked on, or sold goods or materials that were produced for interstate commerce or that traveled in interstate commerce, such as vehicles, telephones, office equipment, tools, and safety equipment.

### FACTS

20. Verm was employed by D&G as a labor hand from approximately January 2020 to March 13, 2020 in Winnsboro, Texas.

21. During the course of his employment, Verm regularly worked over 40 hours per week up to approximately 60 hours in a workweek.

22. Despite regularly working over 40 hours per week, D&G did not properly pay Verm proper overtime compensation for all hours worked over 40. In this regard, D&G compensated Verm in part on an hourly basis on his paystubs, specifically, $20.00 per hour. In addition to this hourly wage, Verm would also receive additional wages on the same or separate paystub. This additional compensation was subject to taxes, included in his year to date wage amounts, and depended upon the hours worked by Verm.

23. D&G failed to pay Verm proper overtime compensation because it failed to pay him 1.5 times his regular rate of pay, which should have included *all* wages received and not just those labeled as hourly rates of pay. As a result, D&G significantly underpaid Verm for overtime hours worked.

### COLLECTIVE ACTION ALLEGATIONS

24. Verm brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as Non-Exempt Laborers for D&G throughout the United States who elect to opt-in to this action (the "FLSA Collective").

25. D&G is liable under the FLSA for, *inter alia*, failing to properly compensate Verm and the FLSA Collective.

26. Consistent with D&G's policies and patterns or practices, Verm and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay for all hours worked beyond 40 per workweek.

27. All of the work that Verm and the FLSA Collective have performed has been assigned by D&G, and/or D&G has been aware of all of the work that Verm and the FLSA Collective have performed.

28. As part of their regular business practice, D&G has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Verm and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Verm and the FLSA Collective, proper premium overtime wages for all hours worked in excess of 40 hours per workweek.

29. D&G's unlawful conduct, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay overtime compensation to its employees.

30. D&G is aware or should have been aware that federal law required it to pay Verm and the FLSA Collective overtime premiums for all hours worked in excess of 40 per workweek.

31. There are many similarly situated current and former Non-Exempt Laborers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

32. Those similarly situated employees are known to D&G, are readily identifiable, and can be located through D&G's records.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

33. Verm realleges and incorporates by reference all allegations in all preceding paragraphs.

34. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to D&G and protect Plaintiff and the members of the FLSA Collective.

35. During this time, Verm and the FLSA Collective regularly worked in excess of 40 hours per week.

36. D&G failed to pay Verm and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rates of pay, which should have included all compensation earned per workweek – for all hours worked beyond 40 per workweek.

37. As a result of D&G's willful violations of the FLSA, Verm and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**PRAYER FOR RELIEF**

**WHEREFORE**, Verm, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.    That, at the earliest possible time, Verm be allowed to give notice of this collective action, or that the Court issue such notice, to all Non-Exempt Laborers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for D&G. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, as well as under the relevant state laws.

D.    Reasonable attorneys' fees and costs of the action; and

E.    Such other relief as this Court shall deem just and proper.

Dated: May 11, 2020                              Respectfully submitted,

                                                  **/s/ David I. Moulton**
                                          By: _____
                                                  Richard J. (Rex) Burch
                                                  Texas Bar No. 24001807
                                                  David I. Moulton, Lead Attorney
                                                  Texas Bar No. 24051093
                                          **BRUCKNER BURCH PLLC**
                                          8 Greenway Plaza, Suite 1500
                                          Houston, Texas 77046
                                          Telephone:     (713) 877-8788
                                          Telecopier:    (713) 877-8065
                                          rburch@bruckner burch.com
                                          dmoulton@brucknerburch.com

- 7 -

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice forthcoming*
Armando A. Ortiz, *pro hac vice forthcoming*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

**Attorneys for Plaintiff**