IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TROY VERM, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § | Civil Action No. 6:20-cv-00249-JCB-JDL |
| | § | |
| VS. | § § | |
| D&G DIRECTIONAL DRILLING, INC., | § § | |
| Defendant. | § § § § | |

## DEFENDANT D&G DIRECTIONAL DRILLING, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Defendant D&G Directional Drilling, Inc. ("D&G" or "Defendant") hereby responds to Plaintiff's Motion to Compel Discovery (Doc. 21) (the "Motion").

### INTRODUCTION

On May 11, 2020, Plaintiff Troy Verm ("Verm" or "Plaintiff") filed a putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleging D&G failed to pay him overtime compensation. [Doc. 1].

On October 28, 2020 Plaintiff served written discovery requests (requests for production and interrogatories) ("Plaintiff's written discovery requests") on D&G. On November 25, 2020, Defendant served its objections and responses to Plaintiff's written

discovery requests and on December 16, 2020 Verm filed Plaintiff's Motion to Compel Discovery. [Doc. 21]. D&G's discovery responses are reasonably tailored and for the reasons set forth below, Plaintiff's Motion should be denied.

## ARGUMENTS AND AUTHORITIES

### A.  The scope of discovery is not unlimited.

The Federal rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1). "While the scope of discovery under [Rule 26] is broad, it is far from unlimited." *See Tivo Inc. Echostar Comm. Corp.*, No. 2:04CV1, 2005 WL 4131649, *3 (E.D. Tex. Sept. 25, 2005).

Accordingly, under Rule 26(b)(1), "in order to be discoverable, the information a party seeks must be: (1) relevant to the parties' claims or defenses; (2) not subject to privilege; and (3) admissible in itself or reasonably likely to lead to the discovery of admissible evidence." *See Helen of Troy Ltd. v. John Paul Mitchell Sys., Inc.*, No. EP-05-CA-365-FM, 2007 WL 1858819, *5 (W.D. Tex. June 26, 2007). However, Rule 26(b)(2) places limitations on the scope of even relevant discovery. *See* Fed. R. Civ. P. 26(b)(2). Courts should not allow parties to "roam in the shadow zones of relevancy to explore matters which do not presently appear germane on the theory that it might conceivably become so." *See Boyd v. American Airlines, Inc.*, No. 3:010CV02230-D, 2002 WL 32360294, *1 (N.D. Tex. Oct. 17, 2002).

In response to a Rule 34 request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Similarly, in response to an interrogatory under Rule 33,"[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath;" "[t]he grounds for objecting to an interrogatory must be stated with specificity;" and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(3)-(4). A party who objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection. *See Areizaga v. ADW Corp.*, 314 F.R.D. 428, 434 (N.D. Tex. 2016) *citing Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 670−71 (D. Kan. 2004).

As demonstrated in greater detail below, Plaintiff's written discovery requests are overreaching, overly broad, irrelevant, and constitute nothing more than an impermissible fishing expedition and D&G's objections are specific and necessary.

**B. Plaintiff's written discovery requests are improper.**

Plaintiff's requests and defendant's objections at issue are:

**INTERROGATORY NO. 1:** Identify each FLSA class member by name, position(s), job title(s), dates and location(s) of employment with D&G, employee number (if applicable), last know home address, email, and telephone number.

**Objection:** Defendant objects to this Interrogatory, particularly the definition of "FLSA Class Member," on the grounds that it is overly broad, unduly burdensome and harassing.  Defendant further objects to this Interrogatory because it amounts to nothing more than a fishing expedition. This Interrogatory seeks irrelevant information that is

not calculated to lead to the discoverable information.  This Interrogatory is seeking information to recruit new litigants as opposed to information to help develop proof of Plaintiff's own claims. This Interrogatory should be limited to the individuals who have consented to be a collective action plaintiff in this case as the Court stated in *Laney v. Clements Fluids Management, LLC et al.*, Case 6:18-cv-497, Document 112, March 25, 2020. Subject to and without waiving the foregoing objection:

**Answer:**
Troy W. Verm
807 LCR 650
Thornton, Texas 76687
Employed 1/6/2020 – 3/14/2020

T. Hunter Verm
Employed 1/6/2020 – 3/14/2020

And:

**REQUESTS FOR PRODUCTION NO. 1:** Computer-readable data identifying Plaintiff and FLSA Class Members by name, position(s), job title(s), location(s) of employment with D&G, employee number (if applicable), last known home address, email, and telephone number.

**Objection:** Defendant objects to this Request, particularly the definition of "FLSA Class Member," on the grounds that it is overly broad, unduly burdensome and harassing. Defendant further objects to this Request because it amounts to nothing more than a fishing expedition. This Request seeks irrelevant information that is not calculated to lead to the discoverable information.  This Request is seeking information to recruit new litigants as opposed to information to help develop proof of Plaintiff's own claims. This Request should be limited to the individuals who have consented to be a collective action plaintiff in this case as the Court stated in *Laney v. Clements Fluids Management, LLC et al.*, Case 6:18-cv-497, Document 112, March 25, 2020. Subject to and without waiving the foregoing objection:

**Response**:

See documents produced as DG 000001 – 000009.

**C. District courts have discretion in how to handle discovery concerning "similarly situated" employees.**

The disputed discovery requests both inquire about "FLSA Class Members," suggesting that Plaintiff intends on using the information and documents to recruit new litigants. While the FLSA allows "similarly situated" plaintiffs to join in a collective action, "courts have not traditionally viewed their role as helping to find nonparties who might have a claim and helping advise them of their right to sue." *Laney v. Clements Fluids Mgmt.,LLC*, No.6:18-cv-00497, 2020 U.S. Dist. LEXIS 52144, *12 (E.D. Tex. 2020). Further, "[n]o statute or rule directs a particular process for making the similarly situated determination, and the Fifth Circuit has 'found it unnecessary to decide' whether any one process must be used." *Id*. at *7., *citing Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995) ("we specifically do not endorse the methodology employed by the district court and do not sanction any particular methodology"). Instead, each district court uses its own discretion and "[v]arious district courts use different processes." *Id*. at *7.

(i) *This court has previously refused to order production of employee lists.*

In *Laney*, this court considered a request by the plaintiff to turn over certain business records, including contact information for employees. *Id*. at *1. The court identified a delicate balancing act between "efficiency in managing cases," on the one hand, and "[s]crupulous respect [to]…judicial neutrality," on the other. *Id*. at *10. In analyzing the second prong, this court held that it is "…concerned that the perception of neutrality may be diminished when a court uses its power to help a plaintiff to search out non-parties to sue the defendant—as opposed to enabling the plaintiff to prove his own case or controversy." *Id*.  This court concluded that requests for

employee lists do not help to prove a plaintiff's claims and therefore exceed the scope of discovery allowable under Fed. R. Civ. P. 26(b)(2). *Id.*

The instant case is similar to *Laney*. Here, Verm seeks to use Plaintiff's written discovery requests to obtain employee lists.  As in *Laney*, these requests do not help to prove an element of plaintiff's claims and exceed the scope of allowable discovery. Therefore, Defendant rightfully objected to Plaintiff's written discovery requests.

## CONCLUSION

For the foregoing reasons, Defendant D&G Directional Drilling respectfully requests that the Court deny the Motion and grant Defendant such other and further relief, at law or in equity, to which it is justly entitled.

Respectfully submitted,

/s/ *Eric Kolder*_____
ERIC KOLDER
State Bar Card No. 24083323
ekolder@rameyflock.com
JOSH H. ELLIS
State Bar Card No. 24100970
joshe@rameyflock.com
**Ramey & Flock, PC**
100 E. Ferguson, Suite 404
Tyler, Texas 75702
(903) 597-3301
(903) 597-2413 (FAX)

CHAD ROOK
State Bar Card No. 17227750
ccr@flowersdavis.com
**Flowers Davis, PLLC**

1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
(903) 534-8063
(903) 534-1650 (FAX)

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service on January 8, 2021. Local Rule CV-5(a)(3)(A).

/s/ *Eric Kolder*_____
ERIC KOLDER